**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

STEPHEN G. BUNDY,
　　　　　　*Defendant-Appellant.*

No. 03-4599

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge;
Pamela Meade Sargent, Magistrate Judge.
(CR-03-15)

Argued: October 1, 2004

Decided: December 17, 2004

Before WILLIAMS and SHEDD, Circuit Judges, and
Henry E. HUDSON, United States District Judge
for the Eastern District of Virginia, sitting by designation.

---

Vacated and remanded by published opinion. Judge Shedd wrote the
opinion, in which Judge Williams and Judge Hudson joined.

---

## COUNSEL

**ARGUED:** Stephen Porter Halbrook, Fairfax, Virginia, for Appellant. Robert Lucas Hobbs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee. **ON BRIEF:** Robert M. Galumbeck, Michael L. Dennis,

DUDLEY, GALUMBECK, DENNIS & KEGLEY, Tazewell, Virginia, for Appellant. John L. Brownlee, United States Attorney, Abingdon, Virginia, for Appellee.

---

## OPINION

SHEDD, Circuit Judge:

Stephen Bundy was indicted on three counts of possession of an unregistered firearm and one count of possession of a stolen firearm. Bundy filed a motion for production of certain documents, a motion to dismiss three counts of the indictment, and a motion to suppress all evidence seized from his house. After the district court denied these motions, Bundy entered a conditional guilty plea to one count of possession of an unregistered firearm, for which he was sentenced to thirty-seven months in prison. Pursuant to the plea agreement, Bundy now appeals the district court's rulings on his pretrial motions. We conclude that the district court erred in accepting Bundy's conditional guilty plea because Bundy attempted to preserve for appellate review a non-case-dispositive pretrial issue. Accordingly, we vacate the judgment of conviction and remand for further proceedings.

I.

Federal law requires that certain firearms be registered in the National Firearms Registration and Transfer Record (the "firearms registry"). 26 U.S.C. § 5841(a). In January 2003, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") observed Bundy firing a short-barreled Colt AR-15 rifle at a local firing range, placing the rifle in his car, and then taking the rifle into his house. The Colt AR-15 is subject to the statutory registration requirement. After learning that no firearms were registered to Bundy, ATF agents obtained a warrant to search Bundy's house for "any and all weapons not registered to [Bundy] in the National Firearms and Transaction Records and records related" to Bundy's possession of such weapons. During the course of the search, agents discovered, among other things, the Colt AR-15, a Streetsweeper shotgun, photographs of a USAS-12 shotgun, a High Standard .22 revolver believed to be stolen, and more than fifty other firearms.

The grand jury returned an indictment charging Bundy with possession of an unregistered USAS-12 shotgun (Count One); possession of an unregistered Streetsweeper shotgun (Count Two); possession of an unregistered Colt AR-15 with a 12-inch barrel (Count Three); and possession of a stolen .22 revolver (Count Four).

Bundy filed three pretrial motions in the district court. First, he filed a Motion for Production that sought to compel the Government to produce documents showing that the national firearms registry was inaccurate, incomplete, or both. Second, Bundy filed a motion to suppress all the evidence seized at his house on the ground that law enforcement officers exceeded the scope of the warrant and conducted an impermissible general search. Finally, Bundy filed a motion to dismiss two of the unregistered-firearms counts on the ground that the registration requirements violate his Fifth Amendment right against self-incrimination.

After the district court denied Bundy's pretrial motions, Bundy entered into a plea agreement with the Government. Pursuant to this agreement, Bundy pled guilty to Count Two of the indictment (possession of the Streetsweeper) and all other counts were dismissed. The written agreement specifically provided that Bundy would be permitted to appeal the district court's adverse rulings on all three of his pretrial motions. The district court accepted Bundy's conditional plea and sentenced him to thirty-seven months in prison. This appeal followed.

## II.

A criminal defendant must raise certain defenses by way of pretrial motion, *see* Fed. R. Crim. P. 12(b), and an adverse ruling on such a motion ordinarily is not appealable by way of interlocutory appeal, *see* 28 U.S.C. § 1291 (conferring appellate jurisdiction over "final decisions of the district courts").[1] When a defendant pleads guilty, he

---

[1]A judgment in a criminal case becomes final after conviction and imposition of the sentence. *Flanagan v. United States*, 465 U.S. 259, 263 (1984); *United States v. Buchanan*, 946 F.2d 325, 326 (4th Cir. 1991). Although interlocutory appeals are sometimes permitted, we have noted

waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea. *See United States v. White*, 366 F.3d 291, 298-99 (4th Cir. 2004); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). Because "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence," *United States v. Broce*, 488 U.S. 563, 569 (1989), the defendant has no nonjurisdictional ground upon which to attack that judgment except the inadequacy of the plea. Thus, "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *Id.* Under these circumstances, a defendant might rationally choose to proceed to trial for the sole purpose of preserving a pretrial issue for appellate review.

To avoid the "waste of prosecutorial and judicial resources" and the "delay in the trial of other cases" occasioned by such a litigation strategy, the 1983 Amendments to Fed. R. Crim. P. 11 formally approved the use of conditional guilty pleas. Under the current Rule, a defendant may enter a plea of guilty — thereby admitting all the material allegations against him — while preserving certain pretrial issues for appeal. Fed. R. Crim. P. 11(a)(2). We have noted that "direct review of an adverse ruling on a pretrial motion is available only if the defendant expressly preserves that right by entering a conditional guilty plea" pursuant to Rule 11(a)(2). *United States v. Wiggins*, 905 F.2d 51, 52 (4th Cir. 1990). Absent a valid conditional guilty plea, we will dismiss a defendant's appeal from an adverse pretrial ruling on a nonjurisdictional issue. *See id.*

A.

Rule 11(a)(2) imposes certain requirements for conditional guilty pleas. The first requirement is that the plea must be offered in writing

---

the general rule that "[p]iecemeal or interlocutory appeals are disfavored in the federal courts, especially in criminal cases." *United States v. Lawrence*, 201 F.3d 536, 537 (4th Cir. 2000). Thus, even when we consider whether to permit appeal of a nonfinal order under the collateral order doctrine, we apply the requirements of that doctrine "with the utmost strictness in criminal cases." *Flanagan*, 465 U.S. at 265.

and must specify the adverse pretrial rulings that the defendant seeks to appeal. This requirement "will ensure careful attention to any conditional plea" and will make plain to the parties and the court "that a particular plea was in fact conditional" as well as "precisely what pretrial issues have been preserved for appellate review." Fed. R. Crim. P. 11 advisory committee note. Although some courts have concluded that this writing requirement is not necessarily mandatory, even these courts decline to recognize a conditional plea unless the intent of the parties to enter a conditional plea and to preserve specific issues for appeal is otherwise clear from the record. *See*, *e.g.*, *United States v. Bell*, 966 F.2d 914, 916-17 (5th Cir. 1992); *United States v. Yasak*, 884 F.2d 996, 1000 (7th Cir. 1989). This approach comports with the general rule that "conditions to a plea are not to be implied." *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999).

There is no doubt that the second and third requirements under the Rule — Government consent and court approval — are mandatory and cannot be avoided. The requirement of Government consent "ensure[s] that a conditional plea will be allowed only when the decision of the court of appeals will dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the indictment or suppressing essential evidence." Fed. R. Crim. P. 11 advisory committee note. Likewise, the requirement of court approval should ensure that "the defendant is not allowed to take an appeal on a matter which can only be fully developed by proceeding to trial." *Id.*

All three requirements limit the use of conditional guilty pleas. Conditional pleas are the exception, not the rule. Thus, conditions must be expressly described in writing, or at least so clearly shown on the record that there is no doubt that a conditional plea was agreed to. The Government must affirmatively agree to the plea, and the district court must exercise its own judgment in approving it.

1.

Other courts of appeals have imposed one additional requirement — that any conditional guilty plea be limited to case-dispositive issues. *See*, *e.g.*, *Wise*, 179 F.3d at 186 (describing the conditional guilty plea as "the usual procedural avenue for preserving the defendant's objection to a dispositive pretrial ruling and obviating the need

for a full trial"); *United States v. Bentz*, 21 F.3d 37, 42 (3d Cir. 1994) (stating that "a conditional guilty plea is only appropriate when the matter preserved for appeal is case-dispositive and requires no further factual development"); *Yasak*, 884 F.2d at 999 (noting that "the rule ensures that conditional pleas will be allowed only when the appellate court's decision will completely dispose of the case"); *United States v. Wong Ching Hing*, 867 F.2d 754, 758 (2d Cir. 1989) (concluding that "entry of a conditional guilty plea is inappropriate unless the issue preserved for appeal would be dispositive of the case").

This additional requirement vindicates the expressed purposes of the conditional plea device. At least with respect to the requirements of Government consent and court approval, the Advisory Committee intended to limit the use of conditional pleas based on two separate, but related, concerns: first, that the conditional plea promote judicial economy, and second, that the conditional plea not be employed in a manner that renders appellate review difficult or impossible.

Judicial economy is not well served when a defendant pleads guilty in exchange for the right to appeal non-case-dispositive pretrial issues. Such conditional pleas forecast additional proceedings in the district court, resulting in needless delays in criminal adjudications. If the defendant prevails on appeal, then he is entitled under the Rule to withdraw his guilty plea. *See* Fed. R. Crim. P. 11(a)(2). At that point, the defendant will either enter another guilty plea or proceed to trial. Either way, the district court will have to render another adjudication, which may well give rise to yet another appeal. As the Second Circuit noted even before the 1983 Amendments were adopted, "broad-ranging conditional guilty pleas will be more likely to lead to an elaborate sequence of plea, appeal, trial and re-appeal. Such a sequence hardly conserves the judicial system's resources, for it adds an otherwise unnecessary step to the process." *United States v. Burns*, 684 F.2d 1066, 1072 (2d Cir. 1982). Moreover, the use of conditional pleas without a restriction on the types of issues preserved for appeal would likely result in "a flood of appellate litigation" that would only forestall the final disposition of criminal cases. *Id.* In short, allowing conditional pleas covering various pretrial issues regardless of their importance to the outcome of the case would waste judicial resources in both the district courts and the court of appeals.

Not only would liberal use of conditional pleas result in needless delays in the ultimate disposition of criminal charges, but it would also undermine the appellate review process itself. Meaningful appellate review requires an adequate factual record. Since the issues sought to be preserved in a conditional plea are pretrial issues, there is little factual record to assist the court of appeals in carrying out its review. Thus, it is critical to the appellate review process itself that the issues presented to the court of appeals be capable of disposition on a pretrial record. "Without careful supervision of the number and variety of issues preserved for appeal," however, "the use of conditional guilty pleas is likely to result in appellate presentation of issues that cannot be adequately reviewed without a full trial record." *Id.* at 1073; *see also Bell*, 966 F.2d at 916 (noting that the requirement of court approval was "designed to insure that pretrial issues preserved for appeal . . . can be reviewed by the appellate court without a full trial"); *United States v. Thibadeau*, 671 F.2d 75, 80 (2d Cir. 1982) (noting that the defendant sought to raise arguments that "could in some circumstances present issues on which a reviewing court could not intelligently rule without a full trial").

The adequacy of the factual record is especially important for harmless-error analysis. Even if the court of appeals finds error in a particular pretrial ruling, it might not be able to determine whether the defendant is entitled to a favorable disposition because it would be impossible to tell what impact such an error actually had on his case. *See Burns*, 684 F.2d at 1073 (noting that "if the issues are not plainly dispositive of the case, an appellate court is likely to experience difficulty in determining whether any error that may have occurred should be deemed harmless"); *United States v. Lace*, 669 F.2d 46, 57 n.7 (2d Cir. 1982) (Newman, J., concurring) (cautioning that "[p]leading guilty with a reservation of appellate rights should not be a device to circumvent the harmless error rule"). Permitting conditional guilty pleas to preserve non-case-dispositive pretrial issues for appeal would undermine harmless-error analysis.

In addition to these concerns, we note the Supreme Court's recognition of a strong societal interest in the speedy adjudication of criminal charges. *See Flanagan*, 465 U.S. at 264-65. "As time passes, the prosecution's ability to meet its burden of proof may greatly diminish: evidence and witnesses may disappear, and testimony becomes more

easily impeachable as the events recounted become more remote. Delay increases the cost of pretrial detention and extends the period during which defendants released on bail may commit other crimes." *Id.* at 264. Moreover, "when a crime is committed against a community, the community has a strong collective psychological and moral interest in swiftly bringing the person responsible to justice." *Id.* at 265. This interest in swift adjudication requires a limitation on the use of conditional guilty pleas. *See Burns*, 684 F.2d at 1072 (noting that "the repeated incidence of . . . protracted proceedings will certainly not promote the expeditious disposition of criminal cases"). Limiting the kinds of issues that can be preserved by a conditional plea ensures that the criminal case will be disposed of promptly, either by dismissal of the charges or affirmance of the conviction and sentence.

For all of these reasons, we conclude that a valid conditional guilty plea preserves for appellate review only case-dispositive pretrial issues. The rule we adopt is a safeguard against unnecessary appellate litigation and inadequate appellate review. It is also a protection against superfluous proceedings in the district courts. Since the parties likely will be less energetic about protecting the interests of the judicial branch, we believe it is the duty of the district court in the first instance "to ensure that the defendant reserves only issues that can adequately be reviewed without a full trial record, resolution of which by this court would dispose of the case." *Id.* at 1073; *see also Yasak*, 884 F.2d at 999 ("Even if the government assents to a conditional plea . . . a court need not accept the plea unless assured that the decision of the court of appeals will dispose of the case."). Criminal defendants have no right to enter a conditional plea, *see Bell*, 966 F.2d at 916; *United States v. Davis*, 900 F.2d 1524, 1527 (10th Cir. 1990), and a district court may reject such a plea for any reason or no reason at all, *White*, 366 F.3d at 302; *Bell*, 966 F.2d at 916; *Yasak*, 884 F.2d at 999. A district court should reject any conditional guilty plea that purports to preserve for appellate review pretrial issues that, in the district court's own judgment, are not fully case-dispositive.

The disposition of a pretrial issue is case-dispositive if (1) a ruling in the defendant's favor would require dismissal of the charges or suppression of essential evidence, or (2) a ruling in the Government's favor would require affirming the conviction. *See* Fed. R. Crim. P. 11 advisory committee note. In short, there should be no trial after the

specified issues are resolved by the court of appeals. Neither the defendant nor the Government should be able to prolong proceedings in the district court after obtaining a favorable outcome on appeal. *See Bentz*, 21 F.3d at 42 (rejecting the Government's request for a remand to expand the record after the defendant prevailed on appeal pursuant to a conditional plea). In determining whether a particular pretrial issue is case-dispositive, the district court should give considerable weight to the Government's assessment of the case. *See Burns*, 684 F.2d at 1073; Fed. R. Crim. P. 11 advisory committee note (noting that "[t]he government is in a unique position to determine whether the matter at issue would be case-dispositive"). With respect to a pretrial ruling on a motion to suppress, for example, the Government is best positioned to know what effect suppression of certain evidence would have on the case. Yet the ultimate decision belongs to the district court, and it need not accept the Government's position as a matter of course. The question for the district court is whether the court of appeals' resolution of the issue specified in the plea would end the case one way or the other.[2]

2.

Bundy attempts to appeal a pretrial order denying a motion for production of certain documents. Bundy argues that this order is *per se* case-dispositive because the parties and the district court made it the subject of a conditional plea. That argument assumes, however, that the plea is a *valid* conditional plea; it says nothing about the likelihood that a favorable ruling would end this case. For its part, the Government now acknowledges that this discovery issue is not case-dispositive. If Bundy prevails on this issue, then he will be permitted to see certain documents and decide whether they help his defense. A favorable ruling on this issue will not guarantee dismissal of Count Two, the only charge of which Bundy was convicted. Thus, Bundy's conditional plea is invalid as to at least this issue.

---

[2]Of course, any defendant who disagrees with the Government's or the district court's assessment of the degree to which a particular issue is case-dispositive may reserve his right to appeal that issue by pleading not guilty and proceeding to trial. *See Burns*, 867 F.2d at 1073.

Bundy's plea agreement also identifies two pretrial issues that the parties agree are case-dispositive. Bundy challenges the denial of his motion to dismiss on the ground that the firearms registration scheme violates his Fifth Amendment privilege against self-incrimination. If he is correct, then Count Two must be dismissed as a matter of law. Likewise, Bundy challenges the denial of his motion for blanket suppression of evidence seized from his house on the ground that law enforcement officers exceeded the scope of the warrant and conducted an unconstitutional general search. If Bundy is correct, then all the evidence seized from his house — including the firearm that is the subject of Count Two — must be suppressed. Because a ruling favorable to Bundy on these issues would require suppression of essential evidence and would likely lead to dismissal of the firearms charge in Count Two, these issues are fully case-dispositive and the proper subjects of a conditional plea.

B.

Faced with a conditional plea agreement that purports to preserve for appeal two case-dispositive issues and one non-case-dispositive issue, we must decide whether the non-case-dispositive issue taints the entire plea or may be separated from the other issues. The Government proposes that the issues be considered separately and that we exercise "pendent appellate jurisdiction" over the non-case-dispositive issue. We held in *O'Bar v. Pinion*, 953 F.2d 74 (4th Cir. 1991), that "when an appeal is otherwise warranted on a single issue, we may review all issues that the parties raise and which are reasonably related when that review will advance the litigation or avoid further appeals." *Id.* at 80. Four years after *O'Bar*, however, the Supreme Court suggested that pendent appellate jurisdiction, if it ever exists, should be limited to cases in which the non-appealable issue is "inextricably intertwined" with the appealable issue or "review of the [non-appealable issue is] necessary to ensure meaningful review of the [appealable issue]." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995). The issues raised by the discovery order in this case are not so "inextricably intertwined" with the issues raised by the orders on the motion to dismiss and the motion to suppress as to warrant an exercise of pendent appellate jurisdiction under *Swint*. *See Rossignol v. Voorhaar*, 316 F.3d 516, 527 n.3 (4th Cir. 2003); *Garraghty v. Commonwealth*, 52 F.3d 1274, 1279 n.5 (4th Cir. 1995).

We conclude that the presence of one non-case-dispositive issue in this conditional plea renders the entire plea invalid. Bundy's guilty plea was conditioned on our affirming all three pretrial orders, and we could not rule on some but not all of those orders without undermining the bargain that Bundy struck with the Government. *See United States v. Holbrook*, 368 F.3d 415, 420 (4th Cir. 2004) ("We construe plea agreements in accordance with principles of contract law so that each party receives the benefit of its bargain."); *United States v. Ringling*, 988 F.2d 504, 506 (4th Cir. 1993) ("Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain."). Because we cannot rewrite Bundy's plea agreement to excise the reference to the non-case-dispositive discovery order, we conclude that the plea on which the judgment was based is not a valid conditional plea.

C.

"The alternatives to a conditional plea being entered are either that an unconditional plea has been entered or that no [valid] plea has been entered." *United States v. Carrasco*, 786 F.2d 1452, 1454 n.2 (9th Cir. 1986). We cannot treat Bundy's plea as an unconditional plea unless Bundy entered such a plea, including a waiver of appeal rights, "knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (internal quotations omitted). At the Rule 11 colloquy, the district court outlined the terms of Bundy's plea agreement — including the provision preserving all three pretrial issues for appeal — and Bundy answered that those were the terms to which he agreed. The district court found that Bundy was "aware of the nature of the charge against him and the consequences of his plea," and it then accepted Bundy's plea *as a conditional plea*. Based on this record, we cannot treat this plea as a knowing and voluntary *unconditional* plea. Because there is no valid plea — conditional or unconditional — to support the judgment of conviction, that judgment must be vacated. *See Wong Ching Hing*, 867 F.2d at 758.[3] On remand,

---

[3]Where a defendant who pled guilty presents on appeal an issue that he did not even attempt to preserve by means of a conditional plea, we decline to entertain the appeal on the ground that the defendant's *un*con-

Bundy must decide whether to enter another guilty plea (reserving only the case-dispositive issues) or proceed to trial.

### III.

Because the conditional guilty plea entered in this case purported to preserve for appeal a non-case-dispositive issue, it should not have been agreed to by the Government or accepted by the district court. Accordingly, we vacate the judgment of conviction and remand for further proceedings consistent with this opinion.[4]

*VACATED AND REMANDED*

---

ditional plea waived that issue altogether. *See Wiggins*, 905 F.2d at 52. In such a case, we could dismiss the appeal without disturbing the defendant's plea, which was unconditional from the start. In this case, by contrast, there was no unconditional plea. A simple dismissal in this case would leave an invalid plea intact while at the same time significantly undermining the defendant's bargain.

[4]We express no opinion on the merits of Bundy's challenges to the district court's pretrial rulings.