UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4839

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES D. IZAC, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  W. Craig Broadwater, District Judge.  (CR-02-58)

Submitted:  December 17, 2004          Decided:  May 18, 2005

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Fred Warren Bennett, Sicilia S. Chinn, BENNETT & LAWLOR, LLP, Greenbelt, Maryland, for Appellant.  Jeb T. Terrien, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles D. Izac, Jr. was indicted on one count of unlawful possession of a firearm by a person previously convicted of a felony. Before trial, the Government filed a motion in limine seeking to preclude Izac from presenting a justification defense. The district court initially denied the motion. The Government later renewed its motion, and after conducting a hearing the district court ruled that Izac did not meet the standard of proof required to present a justification defense. Izac then entered a conditional guilty plea, reserving the right to appeal the district court's ruling on the availability of the justification defense. The district court accepted the plea and sentenced Izac to 180 months' imprisonment. Izac now appeals the district court's order granting the Government's motion in limine.

We recently held that a conditional guilty plea is not valid if it purports to preserve for appeal a non-case-dispositive issue. United States v. Bundy, 392 F.3d 641, 647 (4th Cir. 2004). The issue sought to be preserved for appeal in this case -- whether the defendant was entitled to present a justification defense -- is not case-dispositive. A favorable ruling for Izac would not necessarily result in dismissal of the charge against him; rather, such a ruling would merely allow him to make an additional argument at trial. See id. at 648. Accordingly, Izac's purported conditional guilty plea is invalid.

2

The record makes clear the parties' understanding that Izac pled guilty only on the condition that he be permitted to appeal the district court's ruling on the Government's motion in limine. Thus, we cannot say that Izac's plea was unconditional. See id. at 649. "Because there is no valid plea -- conditional or unconditional -- to support the judgment of conviction, that judgment must be vacated" and the case remanded for further proceedings. Id. On remand, Izac must decide whether to enter another guilty plea or proceed to trial.

We dispense with oral argument because the dispositive issue has been authoritatively decided, and argument would not aid the decisional process. See Fed. R. App. P. 34(a)(2).

VACATED AND REMANDED

3