**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5016

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVIN LUNDY, a/k/a Bennie,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-03-42-H)

Argued: December 2, 2005            Decided: January 25, 2006

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Sofie Wonderly Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Frank D. Whitney, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

After losing a motion to suppress evidence, Marvin Lundy entered into a conditional guilty plea agreement with the government, specifically preserving the right to appeal the district court's denial of his suppression motion. The district court accepted Lundy's guilty plea to one count of possession with intent to distribute crack cocaine and sentenced him to 108 months of imprisonment. On appeal, Lundy claims that the district court erred by denying his motion to suppress evidence.[1] We affirm.

I.

On the morning of February 4, 2002, a confidential informant telephoned a Drug Enforcement Administration agent in Raleigh, North Carolina, to inform him that he had just witnessed two individuals "cooking" crack cocaine in a white trailer with brown shutters at 83 Stevens Drive in Roanoke Rapids, North Carolina. The informant identified one of the individuals as "Red" Ussery. The informant also told the agent that there were two vehicles parked in the trailer's yard, a burgundy Nissan Maxima and a red Ford F-150 pick-up truck. The DEA agent promptly provided this

---

[1]Lundy also claims that the district court erred (1) by not requiring the government to disclose the identity of its confidential informant; and (2) by improperly enhancing his sentence based on judge-found facts. Lundy's first argument is waived because he failed to preserve it in his conditional guilty plea, see United States v. Bundy, 392 F.3d 641, 645 (4th Cir. 2004), and Lundy withdrew his second argument at oral argument.

information to a narcotics investigator in the Halifax County Sheriff's Department. The DEA agent also told the County investigator that the confidential informant had provided reliable information in the past.

The County investigator dispatched a deputy to verify the information provided by the confidential informant. That deputy went to the scene and promptly verified the information. In particular, the deputy reported to the County investigator that the location and description of the trailer were correct and that both the burgundy Nissan Maxima and the red pick-up truck were parked next to the trailer.

The County investigator quickly prepared a search warrant application. In his supporting affidavit, the County investigator included all of the information provided by the confidential informant and the fact that a deputy had gone to the scene to verify the accuracy of the description and location of the trailer and the two vehicles. The County investigator also stated that the DEA agent indicated that the confidential informant had provided reliable information in the past. Additionally, the County agent stated that he was familiar with "Red" Ussery and knew that he drove a burgundy Nissan Maxima. Based on the information provided, the local magistrate early that same afternoon issued a warrant to search the trailer.

Shortly thereafter, the County investigator, other deputies, and the DEA agent executed the warrant at the trailer. Lundy and two other individuals (but not Ussery) were apprehended. In their search of the premises, the deputies found a black leather jacket with more than 120 grams of wet crack cocaine in one of its pockets. After being advised of his Miranda rights, Lundy admitted that the leather jacket and the drugs were his.

## II.

Lundy was charged in federal court with possession with intent to distribute crack cocaine. He thereafter moved to suppress the evidence obtained in the search of the trailer, claiming that the warrant was not supported by probable cause. After hearing extensive testimony regarding how the warrant was obtained and executed, including testimony from Lundy,[2] the magistrate judge assigned to this case recommended to the district court that Lundy's motion to suppress be denied because the warrant was supported by probable cause. The district court adopted the

---

[2]Lundy admitted in his testimony that Ussery cooked the cocaine into crack cocaine in the trailer on the day the search warrant was executed. Lundy also admitted that the crack cocaine was his and that he intended to distribute it. Because these admissions were obviously not known by the local magistrate when the search warrant was issued, we do not consider them in determining whether the warrant was supported by probable cause. See United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990) (stating that the reviewing court grants deference to the magistrate's assessment of the facts actually presented to him).

recommendation and denied the motion. Lundy appeals the district court's denial of his motion to suppress.

In reviewing whether probable cause existed to issue a search warrant, "our task is to determine whether the magistrate [who issued the warrant] had a substantial basis for the decision." United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993). We give the issuing magistrate's decision substantial deference. Id. "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 245 n.13 (1983). "It is well settled that probable cause may be founded upon hearsay and information received from informants." United States v. DeQuasie, 373 F.3d 509, 518 (4th Cir. 2004). One factor "in determining whether an informant's report establishes probable cause is the degree to which it is corroborated." Lalor, 996 F.2d at 1581. "Corroboration of apparently innocent details of an informant's report tends to indicate that other aspects of the report are also correct," because an informant who is right about some details is probably also right about others. Id.

We conclude that the information contained in the search warrant application provided a substantial basis to believe that criminal activity was probably taking place in the trailer and that contraband would be found on the premises. The confidential informant had provided reliable information to the DEA agent before

witnessing Lundy's criminal activity.  Moreover, the Sheriff's Department was able to corroborate all of the timely and specific details provided by the confidential informant about the location and description of both the vehicles[3] and the trailer where Lundy was conducting his criminal activity.  The County investigator also knew that "Red" Ussery drove a burgundy Nissan Maxima, which was consistent with the confidential informant's allegation that there was a burgundy Nissan Maxima parked in the trailer yard and "Red" Ussery was inside the trailer.  The corroboration of these innocent details tended to make the informant's representations about the criminal activity inside the trailer more trustworthy.

## III.

Because we conclude that the district court did not err in finding that the search warrant was supported by probable cause, we affirm the judgment of the district court.

<u>AFFIRMED</u>

---

[3]Lundy raises several theories for his claim that the dispatched deputy did not actually see the burgundy Nissan Maxima when he went to the trailer.  For instance, Lundy notes that the County investigator's subsequent reports list only the pick-up truck and not the burgundy Nissan Maxima.  At the suppression hearing, the County agent explained that his failure to include the burgundy Nissan Maxima in his post-arrest reports was merely an oversight.  The district court determined that the deputy confirmed that both vehicles were parked in the trailer yard, and this factual finding is not clearly erroneous. <u>See</u> <u>Ornelas v. United States</u>, 517 U.S. 690, 699 (1996) (stating that factual findings are reviewed for clear error).