**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4120

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARIUS DANTONI TANZYMORE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (CR-04-22-JFM)

Submitted:  January 19, 2006          Decided:  April 6, 2006

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Barbara S. Sale, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darius Tanzymore was indicted on one count of possession of a firearm while being a felon, in violation of 18 U.S.C. § 922(g)(1). Tanzymore pleaded not guilty. During trial, the district court rejected Tanzymore's justification defense as a matter of law. Tanzymore argued that he possessed the firearm because he feared for his safety and that of his family.

Tanzymore then entered a guilty plea during trial conditioned on his right to appeal the justification defense. The court accepted the conditional plea and sentenced Tanzymore to 188 months' imprisonment. This appeal followed.

Disposition of this appeal is controlled by our decision in <u>United States v. Bundy</u>, 392 F.3d 641 (4th Cir. 2004). In <u>Bundy</u>, we held that a conditional guilty plea that attempts to preserve non-case-dispositive issues for appellate review is invalid. An issue is case-dispositive only if a ruling in the defendant's favor would require dismissal of the charges or suppression of essential evidence, or a ruling in the government's favor would require affirming the conviction. "In short, there should be no trial after the specified issues are resolved by the court of appeals." 392 F.3d at 648.

In this case, Tanzymore's conditional guilty plea attempted to preserve for appeal a non-case-dispositive issue. If we were to find that Tanzymore was entitled to present a

justification defense, the case would be returned to the district court and proceed to trial.  As in <u>Bundy</u>, we conclude that "the presence of one non-case-dispositive issue in this conditional plea renders the entire plea invalid."  <u>Id</u>.  And as in <u>Bundy</u>, we therefore vacate the judgment of conviction and remand for further proceedings.

<u>VACATED AND REMANDED</u>