**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4702**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

BRIAN PORTIS,

        Defendant – Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:08-cr-00034-RLW-1)

───────────

Submitted:  May 4, 2009           Decided:  June 17, 2009

───────────

Before SHEDD, Circuit Judge, C. Arlen BEAM, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation, and Joseph F. ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Jennifer M. Newman, Richmond, Virginia; C. David Whaley, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Portis was indicted on one count of possession of a firearm by an unlawful user in violation of 18 U.S.C. § 922(g)(3) and one count of possession of marijuana in violation of 21 U.S.C. § 844. These charges arose from evidence obtained during a police search of Portis' home on June 13, 2007. Portis moved to suppress the evidence obtained during the search of his home as unlawful under the Fourth Amendment. After an evidentiary hearing on Portis' Fourth Amendment claim, the district court denied the motion to suppress. Portis then entered a purported conditional plea, reserving the right to appeal the denial of his suppression motion.

Generally, a defendant who pleads guilty waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea. United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004). However, in limited circumstances, a defendant may enter a conditional guilty plea under Federal Rule of Criminal Procedure 11(a)(2) and preserve certain pretrial issues for appeal. Interpreting Rule 11(a)(2), we held in Bundy that, among other requirements, a conditional plea must 1) be offered in writing, 2) have the affirmative consent of the Government, and 3) have the approval of the district court. Bundy, 392 F.3d at 645.

After the parties filed their appellate briefs, we requested supplemental briefs on the issue of whether the purported conditional plea in this case is proper in light of Bundy and United States v. Phillips, 296 Fed. Appx. 349 (4th Cir. 2008). In its supplemental brief, the Government concedes that the requirements for a conditional guilty plea were not fully satisfied but contends that any defect in Portis' conditional guilty plea should not bar review of the merits of his appeal. In his supplemental brief, Portis largely adopts the arguments of the Government.

Both parties concede that the writing requirement was not satisfied. Next, the parties argue that the Government's approval of the plea is clear from its failure to object to the conditional guilty plea. However, we stated in Bundy that the Government must affirmatively agree to the plea. See 392 F.3d at 645. Finally, the parties note that the court was willing to approve of the conditional guilty plea, and therefore, the third requirement is satisfied. However, the record is less than clear on this point.* Because the record is not clear on whether

---

* At first, the court appeared willing to accept the conditional guilty plea. See J.A. 125. The court then appeared to conduct a Rule 11 colloquy. See J.A. 128-130. However, the court immediately thereafter declared that it was conducting a bench trial based on the evidence presented at the evidentiary hearing and declared that Portis was guilty of the charged offense beyond a reasonable doubt. See J.A. 131. Portis'
(Continued)

the district court approved of the conditional guilty plea, we cannot agree that the third requirement – court approval – has been satisfied.

For these reasons, we hold that this appeal is not properly before us. Because Portis only entered into the plea agreement and pled guilty based on the express understanding that he would be able to pursue this appeal, the appropriate course under Bundy is for us to vacate the judgment of conviction and remand this case to the district court for further proceedings. See Id. at 649-50.

Accordingly, we vacate the judgment of conviction and remand this case to the district court for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

counsel also agreed to the court finding Portis guilty beyond a reasonable doubt on the evidence that had been submitted. Id. Further confusing this matter, the judgment reflects that Portis pled guilty rather than having been found guilty. See J.A. 135. Both parties now argue on appeal that Portis entered a conditional guilty plea.

4