**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4492**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

YOUSIF IBRAHIM SHERIF,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:08-cr-00360-CMH-1)

Submitted: May 11, 2010                     Decided: June 9, 2010

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Stephen Jones, JONES, OTJEN, DAVIS & TEBOW, Enid, Oklahoma, for Appellant. Dana J. Boente, United States Attorney, Gordon D. Kromberg, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yousif Sherif was indicted on one count of bulk cash smuggling, 31 U.S.C. § 5332(a), one count of failing to file a report of importation of currency and monetary instruments, 31 U.S.C. § 5324(c)(1), and one count of making a materially false statement, 18 U.S.C. § 1001(a). Pursuant to what was presented as a conditional plea agreement, Sherif pled guilty to the § 5324(c)(1) charge, and the government dismissed the remaining counts. Sherif's plea agreement purports to preserve his right to appeal the district court's denial of his pre-trial motions to suppress and to disclose electronic surveillance. After accepting the plea agreement, the district court sentenced Sherif to one year of probation. Sherif now appeals both issues preserved in his plea agreement.

In limited circumstances, a defendant may enter a conditional guilty plea under Federal Rule of Criminal Procedure 11(a)(2) and preserve certain pretrial issues for appeal. United States v. Bundy, 392 F.3d 641, 645 (4th Cir. 2004). However, a conditional plea is not valid if it purports to preserve for appeal an issue that is not case-dispositive. Id. at 647. An issue is case-dispositive if (1) an appellate ruling in the defendant's favor would require dismissal of the charges or suppression of essential evidence, or (2) an appellate ruling in the government's favor would require an affirmance of the

2

judgment of conviction. Id. at 648. If a conditional plea is invalid, we must vacate the judgment of conviction and remand the case to the district court to allow the defendant to determine whether to enter into a new plea agreement or proceed to trial. Id. 649-50.

After the parties filed their appellate briefs, we requested supplemental briefs on the issue of whether the conditional plea in this case is proper in light of Bundy. In his supplemental brief, Sherif argues that his guilty plea is invalid because it preserves for appeal an issue that is not case-dispositive -- the denial of his motion for disclosure of electronic surveillance. However, in its supplemental brief, the government argues that this issue is case-dispositive because, if this court were to reverse the district court's denial of this motion, the government would dismiss the remaining charge against Sherif rather than disclose any electronic surveillance.

Regardless of the government's intended litigation strategy, a ruling in Sherif's favor on the discovery motion would not require dismissal. Rather, dismissal would be at the government's discretion. Therefore, it is not a case-dispositive issue. For this reason, we must vacate the judgment of conviction and remand this case to the district court to allow Sherif to either enter a valid plea or proceed to trial.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED