**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4816**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ONESIMO MARCELINO,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:12-cr-00077-HEH-4)

———————

Submitted:  June 6, 2013        Decided:  August 6, 2013

———————

Before SHEDD, DUNCAN and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kenneth W. Ravenell, Milin Chun, MURPHY, FALCON & MURPHY, Baltimore, Maryland, for Appellant.  Neil H. MacBride, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Onesimo Marcelino pleaded guilty to one count of conspiracy to ship, transport, receive, possess, sell, distribute, and purchase contraband cigarettes in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2342 (the "contraband cigarette count") and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (the "money laundering count"). He now appeals various aspects of his 132-month sentence. For the reasons that follow, we affirm.

I.

According to facts read into the record by the government at Marcelino's plea hearing and to which he agreed, Marcelino and others purchased over 1,700 "master cases" of cigarettes from undercover agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives. A master case contains 12,000 cigarettes. Marcelino and his coconspirators paid no tax before or after purchasing the master cases, and nothing on the master cases themselves indicated a tax had been paid. Each untaxed master case therefore represented contraband cigarettes. See 18 U.S.C. § 2341(2) (defining "contraband cigarettes" as "a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable" taxes).

From June 2010 until April 2012, Marcelino and his coconspirators purchased the contraband cigarettes in Virginia and transported them for resale in New York. Marcelino used the proceeds from the sale of these contraband cigarettes to enable further purchases of master cases and to continue to operate the contraband cigarette conspiracy. On April 18, 2012, federal agents arrested Marcelino and three of his coconspirators. In May 2012, the government indicted Marcelino and three coconspirators.

After pleading guilty, Marcelino faced sentencing in September 2012. The Presentence Investigation Report (the "PSR") identified a Sentencing Guidelines (the "Guidelines") range of 51-60 months on the contraband cigarette count and 121-151 months on the money laundering count. Marcelino objected to the absence of a reduction in his offense level for acceptance of responsibility under § 3E1.1 of the Guidelines. Finding that Marcelino had not been forthcoming when interviewed by probation officers after his arrest, the district court concluded Marcelino had not met his burden of clearly demonstrating acceptance of responsibility. Marcelino also objected to the PSR's recommendation of a four-level increase to the offense level under § 3B1.1(a) for his role as a leader of a criminal activity involving five or more participants. Finding that Marcelino "exercised decision-making authority," "gave direction

3

to other people," and supervised at least one other coconspirator, and that the conspiracy involved at least five participants, J.A. 178-79, the district court denied Marcelino's objection. It sentenced Marcelino to sixty months on the contraband cigarette count and 132 months on the money laundering count, to be served concurrently.


## II.

Marcelino raises three issues on appeal. He first contends that his conviction on the money laundering count "merged" with his conviction for contraband cigarettes under the reasoning set out in United States v. Santos, 553 U.S. 507 (2008), such that the 132-month sentence imposed on the former count was improper. Marcelino also asserts two sentencing challenges: (1) he argues that the district court erred in denying his objections seeking acceptance of responsibility, and (2) he contests the enhancement he received for his leadership role.

We review Marcelino's merger argument under our plain error standard because he did not raise it below. See United States v. Smith, 452 F.3d 323, 338 (4th Cir. 2006) (plain error review of sentencing challenge not raised below). We consider his additional sentencing challenges for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007) (district court determination concerning acceptance of responsibility reviewed

4

for clear error); United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011) (where district court findings regarding whether defendant was organizer or leader are "factual in nature, we reverse only if the district court's findings are clearly erroneous").

Marcelino's merger argument fails because he has waived it. Although he purports to raise a sentencing challenge, he in fact seeks to contest his money laundering conviction. In Santos and in the other cases cited in Marcelino's brief, including our post-Santos case law, see United States v. Abdulwahab, 715 F.3d 521 (4th Cir. 2013); United States v. Cloud, 680 F.3d 396 (4th Cir. 2012); United States v. Halstead, 634 F.3d 270 (4th Cir. 2011), courts have considered the factual record developed at trial to determine whether the same actions underlying a defendant's conviction on a predicate offense pertain to his conviction for money laundering. We can perform no such fact-bound inquiry of Marcelino's convictions here because the record contains only an indictment sufficiently alleging that Marcelino used proceeds from an unlawful activity to promote further unlawful activity, and the brief statement of facts read into the record by the government at Marcelino's plea hearing. See United States v. Smith, 44 F.3d 1259, 1265 (4th Cir. 1995) ("[D]etails about the nature of the unlawful activity underlying the character of the proceeds [for money laundering] need not be

5

alleged."). By pleading guilty to the indictment and agreeing to the government's statement of facts at his plea hearing, Marcelino admitted that he engaged in conduct that satisfied the elements for convictions under both the contraband cigarettes count and the money laundering count. In so doing, he waived his merger argument challenging the money laundering conviction. See United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004) ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea.").[*]

Having thoroughly reviewed the briefs and the record, we also conclude that the district court did not clearly err when it denied both of Marcelino's objections at sentencing. It carefully considered the factual record before it with respect to the very same arguments Marcelino advances on appeal.

III.

We therefore affirm the district court's judgment and the sentence it imposed on Marcelino. We dispense with oral

---

[*] To the extent Marcelino's challenge is to the substantive reasonableness of his 132-month sentence, we conclude that the district court did not abuse its discretion in imposing a sentence well within the 121-151 month range recommended by the Guidelines. See Rita v. United States, 551 U.S. 338, 347 (2007) (courts of appeal can apply a presumption of reasonableness to within-Guidelines sentences).

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED