**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6145**

JOHN JERMAINE BECKHAM,

                    Petitioner - Appellant,

          v.

UNITED STATES OF AMERICA,

                    Respondent - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:13-cv-00558-FDW)

Submitted:  January 29, 2015          Decided:  February 9, 2015

Before DUNCAN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Jermaine Beckham, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Jermaine Beckham pled guilty in 2000 to conspiracy to possess with intent to distribute at least fifty grams of cocaine base and was sentenced to 300 months of imprisonment. Beckham was sentenced as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1. Beckham previously filed two prior 28 U.S.C. § 2255 (2012) motions contesting his conviction and sentence. In the instant case, Beckham challenged his career offender designation under 28 U.S.C. § 2241 (2012) and via writs for error coram nobis and audita querela. As noted by the district court, the Government conceded that Beckham's career offender enhancement was erroneous in light of our later decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), but argued that Beckham had waived his appellate rights to challenge his sentence in his plea agreement, which was reviewed at his plea hearing. The district court agreed and dismissed Beckham's petition. For the reasons that follow, we affirm.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid

2

and enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).  Whether a defendant validly waived his right to appeal is a question of law this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the Government seeks to enforce an appeal waiver and there is no claim that it breached its obligations under the plea agreement, a court will enforce the waiver if the record establishes that the defendant knowingly and intelligently agreed to waive the right to appeal, and the issue being appealed is within the scope of the waiver.  Id.

The district court found that Beckham did not allege that his guilty plea was unknowing or involuntary; the court nonetheless found that the Fed. R. Crim. P. 11 plea colloquy established that Beckham knowingly and voluntarily pled guilty and waived his appellate rights to challenge his conviction and sentence, except for claims of ineffective assistance and prosecutorial misconduct.  Beckham does not contest the validity of his plea waiver on appeal but argues that his career offender designation falls outside the scope of his waiver.

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea.  United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004).  A criminal defendant's guilty plea represents a break in the chain of events which has preceded it in the

3

criminal process, <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, (1973), so that a defendant who has pled guilty has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any indictment at all. <u>United States v. Moussaoui</u>, 591 F.3d 263, 279 (4th Cir. 2010).

Accordingly, because Beckham does not argue that his plea waiver and guilty plea were unknowing or involuntary, we affirm for the reasons stated by the district court. <u>See</u> <u>Beckham v. United States</u>, No. 3:13-cv-00558-FDW (W.D.N.C. Dec. 18, 2013). We dispense with oral argument as the facts and legal materials are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4