**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4618

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAYNE STINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:17-cr-00211-LO-1)

Submitted: March 18, 2019                                        Decided: April 8, 2019

Before KEENAN, FLOYD, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Todd M. Richman, Assistant Federal Public Defender, Ann Mason Rigby, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Whitney Dougherty Russell, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Stinson entered a conditional guilty plea to one count of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a)(e), 2256(2) (2012), and was sentenced to 240 months in prison. Following the denial of two motions to suppress, Stinson entered the conditional plea, preserving his right to challenge on appeal the district court's order denying the motions. The Government has filed a motion to vacate and remand, asserting that the conditional guilty plea erroneously sought to preserve a non-dispositive issue for appeal. The Government thus asserts that Stinson's judgment of conviction must be vacated and this matter remanded to the district court so Stinson can decide whether to enter another guilty plea or proceed to trial. We agree with the Government and grant the motion.

When a defendant pleads guilty, he "forgoes not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Thus, a defendant who enters a valid unconditional plea waives all rights to challenge an adverse pretrial ruling on a non-jurisdictional issue. *See United States v. Abramski*, 706 F.3d 307, 314 (4th Cir. 2013). In fact, "direct review of an adverse ruling on a pretrial motion is available only if the defendant expressly preserves that right by entering a conditional guilty plea pursuant to [Fed. R. Crim. P.] 11(a)(2)." *United States v. Bundy*, 392 F.3d 641, 645 (4th Cir. 2004) (internal quotation marks omitted).

To be valid, however, a conditional plea under Rule 11(a)(2) "must be offered in writing[,]" "must specify the adverse pretrial rulings that the defendant seeks to appeal[,]" and "Government consent and court approval[ ] are mandatory and cannot be

avoided." *Id.* The writing requirement "ensure[s] careful attention to any conditional plea and . . . make[s] plain to the parties and the court that a particular plea was in fact conditional as well as precisely what pretrial issues have been preserved for appellate review." *Id.* (internal quotation marks omitted). The government consent requirement "ensures that a conditional plea will be allowed only when the decision of the court of appeals will dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the indictment or suppressing essential evidence." *Id.* (internal quotation marks and brackets omitted). And the court approval requirement similarly "ensure[s] that the defendant is not allowed to take an appeal on a matter which can only be fully developed by proceeding to trial." *Id.* (internal quotation marks omitted).

In addition to the foregoing, a conditional guilty plea may only preserve appellate issues that are case-determinative. *Id.* at 647. An issue so qualifies when an appellate "ruling in the defendant's favor would require dismissal of the charges or suppression of essential evidence, or . . . a ruling in the Government's favor would require affirming the conviction." *Id.* at 648. "In short, there should be no trial after the specified issues are resolved by the court of appeals." *Id.* Notably, a conditional plea's attempt to preserve a non-dispositive issue will invalidate the entire plea, regardless of whether it also appropriately preserves case dispositive issues for appeal. *Id.* at 649.

It its motion to vacate, the Government asserts that the parties erroneously included a *Miranda*[1] challenge within the scope of Stinson's conditional guilty plea.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

More specifically, the Government asserts that because Stinson's *Miranda* issue is non-dispositive, we may not entertain either issue Stinson's seeks to raise on this appeal and, thus, Stinson must either abandon the *Miranda* issue or have his guilty plea vacated. Stinson opposes the Government's motion, asserting that: (1) this court's precedent does not bar him from raising the *Miranda* issue on appeal; (2) even if the district court erred when it accepted the conditional plea, "the Government invited the error and is now barred from seeking relief for it[;]" and (3) because the Government did not object in the district court, the dispositive issue is subject to review for plain error, which Stinson argues the Government cannot establish.

There is no dispute that Stinson's conditional plea satisfies Rule 11's in writing, specificity, Government consent, and court approval requirements. Thus, the sole issue before us is whether Stinson's *Miranda* issue is case dispositive, so as to allow us to entertain this appeal. We conclude that the *Miranda* issue is not case dispositive.

As the Government correctly points out, Stinson's inculpatory statements made during the search warrant's execution was not the only evidence establishing Stinson's guilt. To the contrary, the record establishes that significant physical evidence of Stinson's guilt was seized during the warrant's execution, and Stinson made other admissions during a previous law enforcement interview. Thus, even if we were to determine that the district court erred when it refused to suppress the warrant interview statements, "[a] favorable ruling on this issue will not guarantee dismissal of [the charge against Stinson.]" *Bundy*, 392 F.3d at 648. Instead, Stinson would have to choose on remand whether to enter another guilty plea or proceed to trial to defend against the

4

Government's remaining evidence. *See id.* at 646, 649; *cf.* Fed. R. Crim. P. 11(a)(2) ("A defendant who prevails on appeal may then withdraw the plea."). "Either way, the district court will have to render another adjudication, which may well give rise to yet another appeal." *Bundy*, 392 F.3d at 646. This is exactly the type of appellate issue about which we expressed concern when we observed that allowing a non-dispositive issue to be the subject of a conditional plea would waste judicial resources. *See id.* Because the admissibility of the non-*Mirandized* statements is non-dispositive, it cannot be the subject of a valid conditional guilty plea.[2]

Based on the foregoing, we grant the Government's motion to vacate, vacate Stinson's judgment of conviction, and remand this matter to the district court for further proceedings consistent with this opinion.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] Because we are indisputably foreclosed from reviewing a conditional guilty plea if the plea seeks to raise a non-dispositive issue, it is immaterial whether the Government consented to the conditional guilty plea or objected below. *See id.* at 644-50 (sua sponte raising issue regarding the invalidity of a conditional guilty plea and determining that a conditional guilty plea cannot be knowing and voluntary if it purports to include issues unreviewable by the appellate court).

[3] We express no opinion as to the merits of Stinson's challenges to the district court's pretrial rulings.