**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4314**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLA REMY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:18-cr-00201-1)

Submitted:  November 22, 2019                              Decided:  December 11, 2019

Before KING, KEENAN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM, LC, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Charleston, West Virginia, Timothy D. Boggess, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carla Remy pled guilty, without a plea agreement, to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced her to 87 months' imprisonment. Remy appeals, contending that her plea was not knowing and voluntary because the district court did not advise her during the Rule 11 hearing that by pleading guilty, she would not be able to appeal the denial of her motion to suppress. For the reasons that follow, we dismiss.

Because Remy neither raised an objection during the Rule 11 hearing nor moved to withdraw her guilty plea in the district court, this court reviews the adequacy of the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Remy "must demonstrate that an error occurred, that the error was plain, and that the error affected [her] substantial rights." *United States v. Heyer*, 740 F.3d 284, 290 (4th Cir. 2014).

"[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012) (alteration and internal quotation marks omitted). "Indeed, it raise[s] a strong presumption that the plea is final and binding." *Id.* (internal quotation marks omitted). Moreover, when a defendant pleads guilty, she "forgoes not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Thus, a defendant who enters a valid unconditional plea waives all rights to challenge an adverse pretrial ruling on a non-jurisdictional issue. *See United*

2

*States v. Abramski*, 706 F.3d 307, 314 (4th Cir. 2013). "[D]irect review of an adverse ruling on a pretrial motion is available only if the defendant expressly preserves that right by entering a conditional guilty plea." *Id.* (internal quotation marks omitted).

A conditional guilty plea "must be . . . in writing and must specify the adverse pretrial rulings that the defendant seeks to appeal." *United States v. Bundy*, 392 F.3d 641, 645 (4th Cir. 2004). In addition, "Government consent and court approval—are mandatory and cannot be avoided." *Id.* "Absent a valid conditional guilty plea, [this court] will dismiss a defendant's appeal from an adverse pretrial ruling on a non-jurisdictional issue." *Id.* "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

In this case, the district court did not err in failing to explicitly inform Remy that she would not have the right to appeal the denial of her motion to suppress because Rule 11 "does not require a district court to inform a defendant that, by pleading guilty, [s]he is waiving h[er] right to appeal any antecedent rulings or constitutional violations." *United States v. White*, 366 F.3d 291, 299 n.6 (4th Cir. 2004). Remy entered a guilty plea that was not conditioned on reserving her right to appeal unfavorable pretrial rulings. Instead, she unconditionally pled guilty by affirmatively stating that she was in fact guilty of the crimes charged in the indictment. Remy's guilty plea was counseled and voluntary and the district court thoroughly complied with Federal Rule of Criminal Procedure 11 by ensuring that Remy was competent, explaining the charges against her and associated penalties, and

confirming that there was a sufficient factual basis for the plea. Because of her unconditional guilty plea, Remy waived her right to contest the denial of her motion to suppress.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*