**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4546**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEITH JERMAINE LANCE,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:07-cr-01116-DCN-1)

Submitted:  September 18, 2008     Decided:  October 14, 2008

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a plea agreement, Keith Jermaine Lance, Jr., pled guilty to possession with intent to distribute fifty grams or more of crack cocaine, 21 U.S.C. § 841(a)(1) (2000), and using and carrying a firearm in connection with a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(I) (2000).  Lance was sentenced to 120 months in prison for the drug offense and received a consecutive sixty-month sentence for the firearm offense.  He now appeals.  His attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal.  Lance raises additional issues in his pro se supplemental brief.  We affirm.

In the <u>Anders</u> brief, counsel first questions whether the district court complied with Fed. R. Crim. P. 11 but concludes that it did.  Our review of the transcript of Lance's arraignment discloses full compliance with the Rule.  Further, the transcript reveals that Lance entered his guilty plea intelligently, voluntarily and knowingly, with a full understanding of the consequences of his plea.

In his pro se brief, Lance suggests that his convictions are invalid because he was not served with search warrants and was not provided the audio recordings of two of his drug transactions. These claims are not cognizable because Lance's valid guilty plea waives any prior, nonjurisdictional defects.  <u>See</u> <u>Tollett v.</u>

2

<u>Henderson</u>, 411 U.S. 258, 267 (1973); <u>United States v. Bundy</u>, 392 F.3d 641, 644-45 (4th Cir. 2004).

We turn next to Lance's sentence. For the drug offense, Lance's Guidelines range as initially calculated was 70-87 months. However, because Lance was statutorily subject to a minimum of ten years in prison for this offense, <u>see</u> 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2008), his Guidelines range became 120 months. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 5G1.1(b)(1)(A)(iii) (2000). The district court sentenced Lance to 120 months for this crime. The court also imposed the statutorily mandated consecutive five-year sentence for the firearm offense. <u>See</u> 18 U.S.C. § 924(c)(1)(A)(I).

Counsel contends that the statutory minimum sentences set forth in § 841(b) violate the Equal Protection Clause. As counsel acknowledges, however, we have previously rejected similar constitutional challenges to the statute. <u>See</u> <u>United States v. Fisher</u>, 58 F.3d 96, 99-100 (4th Cir. 1995); <u>United States v. D'Anjou</u>, 16 F.3d 604, 613-14 (4th Cir. 1994).

Counsel also argues that the statutory minimum sentences set forth in § 841(b) should not survive judicial scrutiny in light of recent amendments to the sentencing guidelines, which lowered the offense levels for drug offenses involving crack cocaine. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(c) (2007 & Supp. 2008); USSG App. C Amend. 706, 711. The Supreme Court recently observed that,

after the amendments, "sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]." Kimbrough v. United States, 128 S. Ct. 558, 573 (2007). Accordingly, this claim is without merit.

We review a criminal sentence for reasonableness, applying the abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 594-97 (2007); see also United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). The appellate court must first determine whether the district court committed any "significant procedural error." Gall, 128 S. Ct. at 597. The court then considers the substantive reasonableness of the sentence, and may apply a presumption of reasonableness to a sentence within the Guidelines range. Go, 517 F.3d at 218; see also Gall, 128 S. Ct. at 597; Rita v. United States, 127 S. Ct. 2456 (2007) (approving presumption of reasonableness).

Here, with respect to the drug offense, the district court correctly calculated Lance's advisory Guidelines range of 120 months, considered that range in conjunction with the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008),[*] and sufficiently explained its reason for imposing sentence. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

---

[*]In sentencing Lance, the district court considered the presentence report, which addressed matters such as Lance's background and criminal history, and heard from Lance, his attorney, and family members.

Lance's sentence of 120 months is presumptively reasonable under <u>Go</u> and <u>Gall</u>. His consecutive five-year sentence for the firearm offense was statutorily mandated. We recently observed that "[a] statutorily required sentence . . . is <u>per</u> <u>se</u> reasonable." <u>United States v. Farrior</u>, 535 F.3d 210, 224 (4th Cir. 2008). We conclude that Lance's sentence is reasonable.

Lance claims in his pro se supplemental brief that his attorney was ineffective. To allow for adequate development of the record, a claim of ineffective assistance of counsel ordinarily must be raised in a 28 U.S.C. § 2255 (2000) motion unless ineffectiveness conclusively appears on the face of the record. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999). Here, the record does not establish ineffective representation.

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and we find no meritorious issues for appeal. Accordingly, we affirm. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED