**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4632**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

RONALD L. PHILLIPS,

              Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Frederick P. Stamp, Jr., Senior District Judge.  (3:06-cr-00047-FPS)

Submitted:  September 17, 2008      Decided:  October 20, 2008

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kevin D. Mills, MILLS & WAGNER, PLLC, Martinsburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Wheeling, West Virginia; Thomas O. Mucklow, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald L. Phillips was indicted on one count of attempting by use of the internet to persuade or entice a minor to engage in sexual activity (Count 1) and one count of traveling in interstate commerce for the purpose of engaging in sexual conduct with a minor (Count 2). See 18 U.S.C. §§ 2422(b), 2423(b). Pursuant to a plea agreement, Phillips pled guilty to Count 1. The district court thereafter sentenced him to a term of 120 months imprisonment. Phillips now appeals the district court's denial of his motion seeking specific performance of a prior plea agreement that he contends is binding on the government. For the reasons set forth below, we vacate the judgment of conviction and remand for further proceedings.

Generally, a defendant who pleads guilty waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea. United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004). However, in limited circumstances, a defendant may enter a conditional guilty plea under Federal Rule of Criminal Procedure 11(a)(2) and preserve certain pretrial issues for appeal. Interpreting Rule 11(a)(2), we held in Bundy that a conditional plea is not valid if it purports to preserve for appeal an issue that is not case-dispositive. Id. at 647. An issue is case-dispositive only if (1) an appellate ruling in the defendant's favor would require on remand either a dismissal of

2

the charges or suppression of essential evidence, and (2) an appellate ruling in the government's favor would require an affirmance of the judgment of conviction.  Id. at 648.

After the parties filed their appellate briefs, we requested supplemental briefs on the issue of whether the purported conditional plea in this case is proper in light of Bundy.  In their supplemental briefs, the parties acknowledge that the issue presented by this appeal – i.e., Phillips' entitlement to specific performance of the prior plea agreement – is not case-dispositive.  For that reason, we hold that this appeal is not properly before us.  The parties further acknowledge, correctly in our view, that because Phillips only entered into the plea agreement and pled guilty based on the express understanding that he would be able to pursue this appeal, the appropriate course under Bundy is for us to vacate the judgment of conviction and remand this case to the district court for further proceedings.  See id. at 649-50.

Accordingly, we vacate the judgment of conviction and remand this case to the district court for further proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED