**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-6928**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TERRENCE MAURICE MCNALLY,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:07-cr-00939-HMH-1)

_____

Submitted: June 1, 2010            Decided: June 4, 2010

_____

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Maurice NcNally pled guilty to being a felon in possession of a firearm (Count 1), 18 U.S.C. § 922(g)(1) (2006), and possession with intent to distribute marijuana (Count 2), 21 U.S.C. § 841(a)(1) (2006). McNally was sentenced to a total of ninety-two months of imprisonment (ninety-two months for Count 1 and sixty months concurrent for Count 2). His ninety-two month sentence was the bottom of his properly-calculated advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising one issue: whether the district court erred by denying McNally's motion to suppress evidence found as a result of the search of his home. For the reasons that follow, we affirm.

As conceded by appellate counsel, however, McNally is barred from contesting the denial of his suppression motion as a result of his guilty plea.[*] When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea. United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004). When a criminal defendant

---

[*] We note that McNally could have attempted to negotiate a conditional plea, reserving the right to appeal the suppression issue. See Fed. R. Crim. P. 11(a)(2).

enters a guilty plea, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. Blackledge v. Perry, 417 U.S. 21, 29-30 (1974).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm McNally's convictions and sentence. This court requires that counsel inform McNally in writing, of the right to petition the Supreme Court of the United States for further review. If McNally requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McNally. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED