**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4915**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL DENARD BAILEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:08-cr-00230-TDS-2)

Submitted:  November 22, 2010      Decided:  May 27, 2011

Before WILKINSON, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, Paul Alexander Weinman, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Denard Bailey appeals his conviction and 195 month sentence for one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). Counsel has filed a brief in this court pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Bailey's motion to suppress certain evidence discovered at his home pursuant to a search warrant. The Government has not filed a brief. Bailey has filed a pro se supplemental brief. Finding no error, we affirm.

## I. Adequacy of Rule 11 Hearing

Because Bailey did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, he "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this court's] discretion, and [the court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial

2

proceedings." Id. at 343 (internal quotation marks omitted). Bailey bears the burden of showing plain error.

We have reviewed the record of the Rule 11 colloquy and conclude that the district court adequately examined Bailey to ensure that his plea was knowing, voluntary, and supported by an adequate factual basis. Accordingly, we decline to conclude that the court committed any error, plain or otherwise.


II. Reasonableness of Sentence

This court reviews Bailey's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to "ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir.) (internal quotation marks, citations and alterations omitted), cert. denied, 128 S. Ct. 2525 (2008). The court then considers the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. This court presumes on appeal that a sentence within a properly calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Here, as counsel suggests, the sentence imposed by the district court was reasonable. The district court properly adopted the presentence investigation report as amended, which ultimately calculated the advisory Guidelines range of 262-327 months. The district court then imposed a sentence significantly below the low end of the advisory Guidelines range. Furthermore, the record suggests that the district court was aware of the need to impose an individualized sentence and satisfied that obligation. See United States v. Carter, 564 F.3d 325 (4th Cir. 2009). Moreover, Bailey's sentence, which fell well below the low end of his advisory Guidelines range, is substantively reasonable.

## III. Motion to Suppress

Counsel questions whether the district court erred in denying the motion to suppress. In his pro se supplemental brief, Bailey claims that the district court did in fact err in doing so.

After the district court denied his motion to suppress, Bailey entered into a guilty plea as to the first count of the indictment. Bailey did not enter a conditional guilty plea preserving his right to appeal the denial of his suppression motion. Fed. R. Crim. P. 11(a)(2). Therefore, Bailey's guilty plea "waives all nonjurisdictional defects in

4

the proceedings conducted prior to entry of the plea." United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004). The right to challenge on appeal a Fourth Amendment issue raised in a motion to suppress is a nonjurisdictional defense and is thus forfeited by an unconditional guilty plea. See Haring v. Prosise, 462 U.S. 306, 320 (1983).

## IV. Pro Se Supplemental Brief

In his pro se supplemental brief, Bailey argues that the court erred in denying his motion to suppress and that his attorney provided constitutionally ineffective assistance. We find the former claim to be without merit. As to the latter claim, this court adheres to the rule that ineffective assistance of counsel claims are not cognizable on direct appeal unless the record conclusively establishes counsel's constitutionally inadequate performance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because the record does not conclusively demonstrate that Bailey's counsel was ineffective, we decline to consider this claim on direct appeal.

Finally, in accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Bailey, in writing, of

5

the right to petition the Supreme Court of the United States for further review. If Bailey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bailey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED