**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4618**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TERRANCE TERELL DENDY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:09-cr-01205-HMH-1)

Submitted: August 30, 2011      Decided: September 14, 2011

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina, for Appellant. William N. Nettles, United States Attorney, Andrew B. Moorman, Sr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Terell Dendy appeals his conviction and sentence imposed for multiple violations of drug trafficking and firearms statutes. On appeal, Dendy challenges the validity of his unconditional guilty plea and the district court's denial of his motion to suppress. We conclude there is no error, and thus we affirm.

Dendy claims that his plea was not knowing and voluntary because the district court failed to inform him that by unconditionally pleading guilty, he waived his right to appeal all nonjurisdictional defects in the proceedings prior to the entry of his plea. Allegations of Fed. R. Crim. P. 11 violations are reviewed for plain error where, as here, the appellant did not rely on the challenged ground when he moved to withdraw his guilty plea in the district court. United States v. Vonn, 535 U.S. 55, 59, 73-74 (2002) (holding that a challenge to the denial of a motion to withdraw a guilty plea based on a ground not raised in the district court is reviewed for plain error); United States v. Martinz, 277 F.3d 517, 525 (4th Cir. 2002) (holding "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. United States v. Massenburg, 564 F.3d 337,

2

342-43 (4th Cir. 2009). If the three elements of the plain error standard are met, the court may exercise its discretion to notice error only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotation marks and alteration omitted).

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Moreover, Rule 11 "does not require a district court to inform a defendant that, by pleading guilty, [he] is waiving [his] right to appeal any antecedent rulings or constitutional violations." United States v. White, 366 F.3d 291, 299 n.6 (4th Cir. 2004) (quotation marks omitted). Because "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence, the defendant has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." United States v. Bundy, 392 F.3d 641, 644-45 (4th Cir. 2004) (internal citations and quotation marks omitted).

3

After a thorough review of the record, we conclude that the district court did not clearly err in finding Dendy's plea knowing and voluntary. Therefore, because Dendy's guilty plea did not reserve his ability to challenge the denial of his suppression motion, see United States v. Wiggins, 905 F.2d 51, 52 (4th Cir. 1990), and his plea was both voluntary and intelligent, see Tollett, 411 U.S. at 267, Dendy has waived review of any alleged Fourth Amendment violation.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4