**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5100**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

EDDIE WAYNE SNEAD,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:09-cr-00281-H-1)

Submitted: October 31, 2012        Decided: November 7, 2012

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Noah A. Clements, THE CLEMENTS FIRM, Washington, D.C., for Appellant.    Thomas  G.  Walker,  United  States  Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Wayne Snead appeals his conviction and 228-month sentence following his guilty plea pursuant to a plea agreement to distribution of a quantity of cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2012). The Government argues that Snead's appeal of his sentence is foreclosed by the waiver of appeal rights in his plea agreement and that the remainder of the appeal is without merit. We dismiss in part and affirm in part.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the Government seeks to enforce an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to

waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver.  Id. at 168 & n.5.

Upon review of the record and the parties' briefs, we conclude that Snead knowingly and voluntarily waived the right to appeal his 228-month sentence.  Accordingly, we dismiss the portion of Snead's appeal challenging his sentence under United States v. Simmons, 649 F.3d 237, 241-47 (4th Cir. 2011) (en banc), and Congress' sentencing policies.

Next, we decline to reach the merits of Snead's challenge to the hearing on his motion to suppress evidence because the claimed error was waived by virtue of his guilty plea.  "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea."  United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004).  A criminal defendant's guilty plea "represents a break in the chain of events which has preceded it in the criminal process."  Tollett v. Henderson, 411 U.S. 258, 267 (1973).  "Thus, the defendant who has pled guilty has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any indictment at all."  United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) (internal quotation marks and citation omitted).  Snead's valid guilty plea thus waives his argument challenging the judgment of conviction on the basis of

3

a claimed constitutional error at the pre-guilty-plea hearing on his motion to suppress evidence.

Snead also challenges the district court's failure to order a competency hearing sua sponte. A district court is required to order a competency hearing sua sponte "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (2006). In determining whether there is reasonable cause to order a competency hearing, a district court "must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor . . . , and medical opinions concerning the defendant's competence." United States v. Mason, 52 F.3d 1286, 1290 (4th Cir. 1995). To prevail on a claim that the district court erred in failing to order a competency hearing, the defendant must establish that the court "ignored facts raising a bona fide doubt regarding his competency." Moussaoui, 591 F.3d at 291 (internal quotation marks and alteration omitted).

After review of the record and the parties' briefs, we conclude that Snead fails to establish that the district court abused its discretion in failing to order a competency hearing sua sponte. See United States v. Banks, 482 F.3d 733, 742

4

(4th Cir. 2007) (stating the standard of review).  Snead's two indicators of his alleged need to be evaluated for mental competence — letters he supposedly wrote to the district court prior to the sentencing hearing and the nature of his allocution at that hearing — do not establish a bona fide doubt as to his competency.  Snead fails to identify the letters at issue, expound on their contents, or explain how the letters in any way bear on the issue of whether he was suffering at the sentencing hearing from a mental disease or defect that prevented him from understanding the nature and consequences of the hearing or in assisting in his defense.  Further, Snead also fails to connect his allocution with any reasonable basis for believing he lacked understanding of the sentencing proceeding or lacked the ability to assist in his defense.  Accordingly, the district court did not abuse its discretion in failing to order a competency hearing sua sponte.

Snead also argues that he was constructively denied counsel at the portion of the sentencing hearing dedicated to his motion to withdraw his guilty plea.  Constructive denial of counsel "results from circumstances where the performance of counsel is so inadequate that, in effect, no assistance of counsel is provided at all."  Moussaoui, 591 F.3d at 289 (internal quotation marks and alteration omitted).  After review of the record, we reject Snead's argument, premised on United

5

States v. Joslin, 434 F.2d 526, 528-31 (D.C. Cir. 1970), that he was constructively denied counsel because trial counsel failed to deliver arguments in support of the motion and told the district court that he recommended against granting it. Unlike in Joslin, which, in any event, does not bind this court, Snead did not plausibly assert his innocence of the offense to which he had pled guilty. Further, Snead in no way suggests that his trial counsel plausibly could have argued that he had shown a fair and just reason for withdrawing his guilty plea. Cf. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (listing six factors this court is to consider in determining whether defendant has carried his burden in showing a fair and just reason to withdraw his guilty plea). Further, Snead's suggestion that he was constructively denied counsel because there may have been a "breakdown of communication" with trial counsel is wholly unexplained and lacks record support. Accordingly, Snead's claim of the constructive denial of counsel is without merit.

Finally, Snead claims that trial counsel rendered ineffective assistance in connection with the competency hearing conducted by the magistrate judge. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record,

6

a defendant must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion.  Id.  An exception exists, however, where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). After review of the record, we find no conclusive evidence that trial counsel rendered ineffective assistance, and we therefore decline to consider this claim on direct appeal.

In view of the foregoing, we dismiss the appeal in part and affirm the district court's judgment in part.  We deny Snead's motion seeking leave to file a pro se supplemental brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART