**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4608**

———————

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

THOMAS LEROY WILSON,

                  Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:11-cr-02340-TLW-1)

———————

Submitted: January 24, 2013      Decided: February 12, 2013

———————

Before MOTZ, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Leroy Wilson appeals his judgment and sentence after pleading guilty to possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Wilson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, that there are no meritorious grounds for appeal but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 when accepting Wilson's guilty plea and whether the court committed procedural or substantive error in sentencing him within his Guidelines range on count one. Wilson has filed a pro se supplemental brief raising the issue of whether police had "a right by law to search the car that they found the gun and drugs in." We affirm.

Wilson first raises the issue of whether the district court complied with Fed. R. Crim. P. 11 when accepting his guilty plea. Because Wilson did not challenge the Rule 11 proceedings in the district court, we review this issue for plain error. See Fed. R. Crim. P. 52(b); United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007). We have reviewed the record and conclude that Wilson has not shown any plain error by the district court.

2

Wilson also raises the issue of whether police had "a right by law to search the car that they found the gun and drugs in." We have reviewed the record and conclude that Wilson has waived the right to raise this issue. See United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004) ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea"); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," as "a guilty plea represents a break in the chain of events which has preceded it in the criminal process").

Finally, Wilson raises the issue of whether the district court committed procedural or substantive error in sentencing him within his Guidelines range on count one. We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564

F.3d 325, 328 (4th Cir. 2009).  If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed.  Gall, 552 U.S. at 51.  We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable.  United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate.  United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).  The district court should then consider the § 3553(a) factors to determine whether they support the sentence requested by either party.  Id.  When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case.  Carter, 564 F.3d at 328, 330.

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).  While a district court must consider the statutory factors and explain its sentence, it need not discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Wilson's sentence is procedurally and substantively reasonable, and the district court did not err or abuse its discretion.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5