**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4902**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TERRENCE MAURICE MCNEILL, a/k/a Lil' Fred,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:11-cr-00031-BR-1)

———————

Submitted:  April 22, 2013        Decided:  July 5, 2013

———————

Before WILKINSON, AGEE, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jeffrey William Gillette, GILLETTE LAW FIRM, PLLC, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Maurice McNeill appeals the district court's amended judgment resentencing him to the mandatory minimum sixty months in prison after he pled guilty to distributing fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2006). McNeill's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, that there are no meritorious grounds for appeal but raising the issue of whether the district court's judgment was "unreasonable, imposing a sentence of 60 months to run consecutively to Mr. McNeill's sentence upon the revocation of his supervised release." McNeill has filed a pro se supplemental brief raising the additional issue of whether he "should [have been] charge[d] for the actual amount" of cocaine base rather than the total weight of the mixture. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive

2

reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Moreover, a statutorily required sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

We have reviewed the record and conclude that McNeill's sentence is procedurally and substantively reasonable, and the district court did not err or abuse its discretion in sentencing him. The district court did not err in finding that McNeill was accountable for 54.7 grams of cocaine base. See Chapman v. United States, 500 U.S. 453, 459 (1991). To the extent that McNeill seeks to challenge the drug quantity that he was charged with distributing or his conviction, we conclude that he has waived the right to raise this issue. See United States v. Pileggi, 703 F.3d 675, 680 (4th Cir. 2013); United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010); United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004).

We further conclude that the district court did not err or abuse its discretion in denying McNeill's request to run his mandatory minimum sentence concurrently with his previous sentence for violating the terms of his supervised release in another criminal case based on the new criminal conduct to which

3

he pled guilty in this case. The district court recognized that it had the authority to grant McNeill's request, but reasonably determined that it was not warranted in this case. See U.S. Sentencing Guidelines Manual § 5G1.3(c) & cmt. n.3(C) (2011); United States v. Woodrup, 86 F.3d 359, 362 (4th Cir. 1996).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. We deny McNeill's motion for leave to file supplemental material as an attachment to his brief.

This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED