**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4100**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

KENNETH DEWITT NEWMAN, a/k/a K-Kutta,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:14-cr-00050-1; 3:14-cr-00225-1)

Submitted:  September 29, 2015        Decided:  October 28, 2015

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

John R. McGhee, Jr., KAY CASTO & CHANEY, PLLC, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Dewitt Newman appeals from his convictions and sentence imposed pursuant to two guilty pleas. After his first plea, the Government successfully set aside Newman's plea agreement based upon his failure to cooperate. Because the Government was no longer bound by the plea agreement, it obtained a second superseding indictment. Newman then pled guilty to another charge in exchange for the dismissal of the charges against him in the second superseding indictment. On appeal, he asserts that the district court erred in denying his motion to withdraw his first guilty plea, that the court's judgment contains a clerical error, and that incorrect grand jury testimony prejudiced him. We affirm Newman's convictions and sentence, although we remand for correction of a clerical error.

Newman asserts that he should have been permitted to withdraw his guilty plea because there was no meeting of the minds regarding portions of the agreement. After a district court accepts a guilty plea, but before sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). Under the Rule, "the defendant bears the burden of demonstrating that withdrawal should be granted." United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). We review the district court's

2

denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012).

A nonexhaustive list of factors provides guidance regarding whether the defendant has met his burden to withdraw his plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The first, second, and fourth factors "speak most straightforwardly" to whether defendant has met his burden while the third, fifth, and sixth factors serve as "countervailing considerations" that establish how heavily the presumption weighs against permitting withdrawal. United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). Central to "resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy"; "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Nicholson, 676 F.3d at 384 (internal quotation marks omitted).

Regarding the first Moore factor, we conclude that Newman failed to establish that his plea was unknowing or involuntary.

3

The district court substantially complied with Fed. R. Crim. P. 11 when accepting his plea. See United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir. 1991) (plea is voluntary where defendant is informed of and understands nature of charges, minimum and maximum penalties, and various rights surrendered by pleading guilty). On appeal, Newman does not challenge his Rule 11 colloquy in any way, and his colloquy creates the strong presumption that his plea was knowing and voluntary. See Nicholson, 676 F.3d at 384. Likewise, regarding the second and fourth factors, Newman has not pursued any claim that he is innocent or that counsel was ineffective.

Newman attempts to overcome these failures by focusing solely on what he contends are "fair and just" reasons to withdraw his plea. Specifically, he asserts that (1) he did not understand his obligation to provide information about anyone other than himself and (2) he did not understand that he was unable to later argue that the drug weight was lower than stipulated, should the lab reports support that position. Newman produced no evidence supporting these "understandings," which are directly contradicted by his plea agreement and his testimony at his plea hearing.

In related arguments, Newman claims that the Government's motion to set aside the plea agreement was based on the erroneous conclusion that Newman was not truthful during his

4

debriefing and that subsequent plea agreements of his codefendants supported the veracity of the information he gave the Government. Further, he asserts that, had the Government accepted his debriefing, the original plea agreement would have gone forward eliminating the subsequent plea on the firearm charge. However, the Government's motion to set aside the agreement was based on Newman's undisputed refusal to provide any further cooperation to the Government. As Newman does not dispute the fact that he refused to cooperate (or, at least, continue to cooperate) with the Government, the district court did not abuse its discretion in granting the Government's motion to set aside the agreement and denying Newman's motion to withdraw his plea.

Next, Newman contends that the district court's judgment incorrectly describes the conduct to which he pled guilty. The judgment states that he pled guilty to distribution of a list of drugs. Rather than distribution, the indictment charged possession with intent to distribute the same drugs. However, at Newman's guilty plea hearing, the parties agreed that, while he possessed all the drugs, he only had the intent to distribute cocaine.

While the Government contends that the judgment merely tracked the drugs listed in the indictment, it does not dispute that the judgment incorrectly states that Newman was convicted

5

of distribution as opposed to possession with intent to distribute. The Government also claims that Newman fails to establish any prejudice from the errors and that he should address these claims to the district court in the first instance in a Fed. R. Crim. P. 36 motion. We find that the interests of judicial economy weigh in favor of remand from this court for correction of the judgment to conform with Newman's plea.

Finally, Newman contends that certain grand jury testimony in support of a firearm count that was dismissed pursuant to Newman's second plea agreement was incorrect. "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). "Thus, the defendant who has pled guilty has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any indictment at all." United States v. Moussaoui, 591

6

F.3d 263, 279 (4th Cir. 2010) (internal quotation marks and citations omitted). Here, not only did the alleged error take place prior to either of Newman's pleas, but the error actually concerned a dismissed count. Accordingly, this nonjurisdictional claim is waived.

Thus, we affirm the district court's judgment and remand for correction of the clerical error in the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED AND REMANDED</u>

7