**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4323**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

JAMES TYSON, JR.,

     Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:12-cr-00239-GCM-DCK-14)

Submitted: December 20, 2016   Decided: January 5, 2017

Before KING, SHEDD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dale R. Jensen, DALE JENSEN, PLC, Staunton, Virginia, for Appellant. Jill Westmoreland Rose, United States Attorney, Maria Kathleen Vento, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Tyson, Jr., was among 26 defendants indicted for their involvement in an extensive fraud conspiracy between 2005 and 2012 that resulted in more than $75 million in losses to over 60 investors, financial institutions, and lenders. Tyson pleaded guilty to conspiracy to violate the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(d) (2012); securities fraud, 15 U.S.C. §§ 78j(b), 78ff (2012); bank fraud, 18 U.S.C. § 1344 (2012); wire fraud, 18 U.S.C. § 1343 (2012); conspiracy to launder money, 18 U.S.C. § 1956(h) (2012); and conspiracy to commit bank bribery, 18 U.S.C. § 371 (2012). The district court calculated a Sentencing Guidelines range of 292 to 365 months in prison and sentenced Tyson to 360 months. The court also ordered Tyson to pay $18,847,460.63 in restitution to 62 identified victims. Tyson now appeals, asserting various challenges to his convictions and sentence. We affirm.

Tyson first argues several claims of trial counsel's ineffective assistance in advising him to plead guilty. Tyson contends that trial counsel failed to investigate viable defenses, such as the impact that the Fraud Enforcement and Recovery Act of 2009 (FERA), Pub. L. No. 111-21, 123 Stat. 1617, had on the bank fraud count and the relevant statute of limitations. Tyson also contends that trial counsel failed to

2

challenge the securities fraud count on statute of limitations grounds and improperly advised Tyson to plead guilty to bank bribery and distribution of illegal drugs as predicate acts of the RICO conspiracy. However, claims of ineffective assistance of counsel should be raised—if at all—in a 28 U.S.C. § 2255 (2012) motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. United States v. Faulls, 821 F.3d 502, 507-08 (4th Cir. 2016). Because the record here does not meet this high standard, we decline to review these claims on direct appeal.

Next, Tyson asserts several errors by the district court at sentencing. Tyson contends that his sentence is unconstitutional under the Ex Post Facto Clause because the court applied FERA retroactively and applied the 2014 version of the Guidelines instead of the 2006 version in effect at the time his crimes began. Tyson also asserts several conclusory arguments that certain sentencing enhancements were misapplied or need to be adjusted in light of the statute of limitations arguments presented above.

Because Tyson did not present these arguments to the sentencing court, our review is for plain error. United States v. Olano, 507 U.S. 725, 732–33 (1993) (providing standard). We conclude that Tyson has failed to show error, much less plain error, by the district court. Our review of the

3

record reveals no ex post facto violation, and also shows that the sentencing enhancements were properly applied.

Tyson also challenges the amount of restitution. Our review of the record reveals no reversible error by the district court. To the extent that Tyson asserts trial counsel's ineffectiveness in disputing the restitution amount, we decline to review such claim on direct appeal because the record does not conclusively show that counsel was constitutionally ineffective.

Finally, Tyson contends his conviction for money laundering conspiracy presents a merger problem under United States v. Santos, 553 U.S. 507 (2008). Tyson waived this argument by pleading guilty. See United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004) ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea."). To the extent Tyson asserts counsel's ineffectiveness in not raising this issue below, we decline to consider the claim on direct appeal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4