**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4758**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLYDE NAQUAN HAMPTON, a/k/a One Loyal Shooter,

Defendant - Appellant.

**No. 17-4763**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER SEAN BROWN, a/k/a Roughish,

Defendant - Appellant.

**No. 18-4077**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW RASHAUN JONES, a/k/a Boogie Mac,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:16-cr-00122-DCN-3; 2:16-cr-00122-DCN-5; 2:16-cr-00122-DCN-6)

Submitted: August 31, 2018                                    Decided: September 13, 2018

Before AGEE and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

No. 17-4758 affirmed in part, vacated in part, and remanded; Nos. 17-4763 and 18-4077 dismissed by unpublished per curiam opinion.

Jill E.M. HaLevi, MEDIATION & LEGAL SERVICES, LLC, Charleston South Carolina; Cameron L. Marshall, CAMERON L. MARSHALL, LLC, Charleston, South Carolina; Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Irmo, South Carolina, for Appellants. John P. Cronan, Acting Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Leshia Lee-Dixon, Thomas E. Booth, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Sherri A. Lydon, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clyde Naquan Hampton, Matthew Rashaun Jones, and Christopher Sean Brown (collectively, Appellants), pled guilty to charges arising out of their membership in the Cowboys gang.[1]  On appeal, Appellants contend that the district court erred in denying their discovery motions and, relatedly, that the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).  Appellants also argue that their sentences are procedurally and substantively unreasonable.  We dismiss Jones' and Brown's appeals as barred by the waiver of appellate rights in their plea agreements.  We affirm Hampton's conviction, vacate his sentence, and remand for resentencing.

I.

The Government contends that Jones' and Brown's appeals are barred by the waiver of appellate rights in their plea agreements.  We review de novo the issue of whether a defendant validly waived his right to appeal.  *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018).  Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope.  *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).  Brown and Jones waived their appellate rights "except for a sentence that is above the advisory guideline range."  We have determined that "the

---

[1] Hampton and Jones pled guilty to conspiracy to participate in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d) (2012), and Brown pled guilty to attempted murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5) (2012).

3

natural reading of the phrase applicable guideline range [in a plea agreement] is the guideline range found by the district court, because it is clearly the district court that is assigned the task of determining the applicable guideline range." *United States v. Tate*, 845 F.3d 571, 576 (4th Cir. 2017) (internal quotation marks omitted). Here, although the agreement uses the word advisory as opposed to applicable, this is a distinction without a difference; the district court is similarly tasked with setting the "advisory guideline range."

Brown also contends that his appellate waiver is unenforceable because he entered a plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) that was rejected by the district court. A defendant's waiver of rights is valid if he entered it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). In making this determination, we consider "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver [provision] during the [plea] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.*

A plea agreement pursuant to Rule 11(c)(1)(C) must state that the parties "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentence Guidelines . . . does or does not apply." Brown's plea agreement contains no such language. Instead, the plea agreement stated

4

that the Government agreed that a reduction for acceptance of responsibility was appropriate, but that such a promise was not binding on the district court. This is consistent with a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B). Brown does not contend that he did not knowingly plead guilty nor that he did not understand that he was waiving his appellate rights, and the district court reviewed the terms of the appellate waiver with Brown.

Accordingly, we will enforce the appellate waiver and dismiss Brown's and Jones' appeals.

II.

Hampton asserts that the district court erred in denying his motion for discovery and that the Government breached its *Brady* obligations. Hampton filed a motion for discovery prior to pleading guilty, and filed a second motion after his plea seeking details on his codefendants' guilty pleas and presentence reports (PSRs).

A valid guilty plea generally waives all antecedent nonjurisdictional defects; thus, a defendant who pleads guilty generally has no nonjurisdictional ground upon which to attack his conviction except the inadequacy of his plea. *Tollet v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bundy*, 392 F.3d 641, 644-45 (4th Cir. 2004). Thus, by pleading guilty, Hampton has waived review of his claim that the Government violated its discovery obligations under the Federal Rules of Criminal Procedure. Even if Hampton's guilty plea did not waive his pre-plea *Brady* claim, *see United States v. Moussaoui*, 591 F.3d 263, 286 (4th Cir. 2010), to succeed on his claim, Hampton "must show that (1) the evidence is either exculpatory or impeaching, (2) the government

5

suppressed the evidence, and (3) the evidence was material to the defense." *United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014) (internal quotation marks omitted). Hampton fails to cite any evidence that the Government failed to disclose. Instead, he relies on mere conjecture and assumptions that there must have been favorable evidence if his codefendants received more favorable plea deals. To the extent that Jencks[2] material would have also been discoverable under *Brady*, *Brady* and Jencks "only require disclosure in time for effective use at trial." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988). Hampton knowingly pled guilty before the production of the Jencks material. Thus, we discern no *Brady* violation that occurred prior to the entry of Hampton's plea.

Turning to Hampton's post-plea motion, a defendant is not entitled to disclosure of a codefendant's PSR unless he can show how the information contained in the PSR will be both material and favorable to his defense. *United States v. Trevino*, 89 F.3d 187, 192 (4th Cir. 1996). Here, Hampton sought his codefendants' Guidelines ranges, information that he eventually obtained from other sources. *See United States v. Kelly*, 35 F.3d 929, 937 (4th Cir. 1994) ("[W]hen defense counsel could have discovered the evidence through reasonable diligence, there is no *Brady* violation if the Government fails to produce it."). To the extent that Hampton was thwarted from obtaining his codefendants' plea agreements by the district court sealing the agreements,[3] the district court offered

---

[2] Jencks Act, 18 U.S.C. § 3500 (2012).

[3] We previously denied Hampton's motion to unseal these records.

Hampton an alternative method of obtaining this information—by attending his codefendants' sentencing hearings. Indeed, Hampton used information learned at these hearings to make an argument for a below-Guidelines sentence. Moreover, it was the district court, rather than the Government, that decided to seal the materials that prevented Hampton from discovering his codefendants' Rule 11(c)(1)(C) agreements. Accordingly, we affirm Hampton's conviction.

III.

Hampton contends that the district court committed two procedural errors at sentencing. First, he argues that the district court erred in applying the Sentencing Guideline for attempted first-degree murder. Second, Hampton contends that the district court failed to address his nonfrivolous argument for a downward variance or a recommendation to the Bureau of Prisons (BOP) to credit time he served on state charges. We agree with both contentions.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, this Court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

7

We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and its legal conclusions de novo. *United States v. Ashford*, 718 F.3d 377, 380, 383 (4th Cir. 2013). In the event of a conviction for participating in a RICO conspiracy,[4] U.S. Sentencing Guidelines Manual § 2E1.1(a) (2016) provides for a base offense level of 19 or the offense level applicable to the underlying racketeering activity—in this case, attempted murder. Section 2A2.1(a) provides for a base offense level of 33 if the attempted murder would have constituted first-degree murder, as defined in 18 U.S.C. § 1111 (2012); otherwise, the offense level is 27. Section 1111, in turn, defines first degree murder, as relevant here, as a "willful, deliberate, malicious, and premediated killing." Thus, the court must find by a preponderance of the evidence both that the defendant acted with malice and that the attempted killing was premeditated. *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003); *see United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012) ("[T]he Government has the burden to prove a cross-referenced offense by a preponderance of the evidence.").

Malice aforethought "may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *Ashford*, 718 F.3d at 384 (alteration and internal quotation marks

---

[4] Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 to 1968 (2012).

omitted). "Premeditation requires planning and deliberation beyond the simple conscious intent to kill. There must be an appreciable elapse of time between the formation of a design and the fatal act, although no specific period of time is required." *United States v. Bell*, 819 F.3d 310, 319 (7th Cir. 2016) (citations omitted). In order for the cross-reference to apply, the defendant must have the specific intent to kill the victim. *See, e.g.*, *Braxton v. United States*, 500 U.S. 344, 351 n.* (1991); *United States v. Morgan*, 687 F.3d 688, 697 (6th Cir. 2012).

At sentencing, the district court relied on a May 30, 2013, shooting incident to support application of the cross-reference.[5] We conclude that the district court erred in relying on that incident because the record does not demonstrate that the Appellants had the specific intent to kill. While the record shows that the Appellants opened fire on a residence, there is no evidence in the record to indicate that they acted with the intent to kill anyone inside the residence, or even if there were any individuals inside the residence at the time of the shooting. Additionally, there are no specific details about the shooting in the record that would allow a court to infer the Appellants' intent.

Hampton also contends that the district court procedurally erred in failing to explain why it denied his request for a downward variance or recommendation to the BOP to credit his sentence for time served on an assault and battery conviction that was related to the conspiracy and for a second, unrelated charge that was ultimately

---

[5] Although the district court's written order relied on two other shootings, we cannot rely on this order because it was entered after Hampton filed his notice of appeal.

9

dismissed. In evaluating a sentencing court's explanation of a selected sentence, we consistently have held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). In these cases, "[a] sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (alterations and internal quotation marks omitted). If the district court's explanation could have supported a different sentence, then the explanation is inadequate, and we will remand for resentencing. *Id.*

We conclude that the district court procedurally erred in failing to address Hampton's request for a downward variance or recommendation for credit. The district court's rejection of Hampton's Guidelines objection to the inclusion of his assault and

10

battery conviction in his criminal history score could be construed to reject Hampton's request for a downward variance for the same conduct. However, this explanation would not address Hampton's request for a downward variance or recommendation to the BOP for the time served on the dismissed charge. We will "not assume that a sentencing court truly considered a defendant's nonfrivolous arguments . . . when the record fails to make it patently obvious." *Id.* at 521 (internal quotation marks omitted). Thus, we conclude that Hampton's sentence is procedurally unreasonable.[6]

## IV.

Accordingly, we dismiss Jones' and Brown's appeals. We affirm Hampton's conviction, but vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 17-4758 - *AFFIRMED IN PART, VACATED IN PART, AND REMANDED*;
Nos. 17-4763, 18-4077 - *DISMISSED*

---

[6] Because we conclude that the district court procedurally erred, we do not consider Hampton's additional contentions addressing the substantive reasonableness of his sentence.

11