**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4873**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOUGLAS W. MATTHEWS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:18-cr-00024-FPS-JPM-8)

Submitted:  July 16, 2019                           Decided:  July 18, 2019

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. Kratovil, KRATOVIL LAW OFFICES PLLC, Charles Town, West Virginia, for Appellant.  Robert Hugh McWilliams, Jr., Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas W. Matthews pled guilty, pursuant to a written plea agreement, to one count of distributing methamphetamine within 1000 feet of a school, 18 U.S.C. §§ 841(a)(1), 860(a) (2012), and was sentenced to 188 months' imprisonment, the bottom of the applicable advisory Sentencing Guidelines range. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questions whether the district court erred in denying Matthews' motion to dismiss the indictment and whether the court erred in sentencing Matthews as a career offender. Although advised of his right to file a pro se supplemental brief, Matthews has not done so. We affirm.

We have reviewed the record and find nothing to support counsel's assertion that Matthews moved to dismiss the indictment. In any event, a valid guilty plea generally waives all antecedent nonjurisdictional defects. *Tollet v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bundy*, 392 F.3d 641, 644-45 (4th Cir. 2004). Counsel does not challenge the validity of Matthews' plea and we find no evidence in the record to suggest that his plea was unknowing or involuntary.

Turning to Matthews' sentence, we review a criminal sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18

2

U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Matthews claims that the district court improperly counted two prior convictions as separate offenses when determining his criminal history points. Because the relevant offenses were charged in separate charging documents and the sentences imposed on separate days, under USSG § 4A1.2(a)(2), the court correctly counted the convictions separately. *See* U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2016). We find that the district court correctly calculated Matthews' Guidelines range of 188-235 months, afforded the parties an opportunity to address the court, considered the relevant § 3553(a) factors, and appropriately explained its reasons for imposing the sentence. Accordingly, Matthews' sentence is procedurally reasonable. Moreover, nothing in the record rebuts the presumption that Matthews' sentence, at the low end of the Guidelines range, is reasonable. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Matthews, in writing, of his right to petition the Supreme Court of the United States for further review. If Matthews requests

3

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Matthews. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*